IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

|  |  |  |
|---|---|---|
| JAMES SAK and PEGGY LEIFER, | ) | NO. 11-4111 |
|  | ) |  |
| Plaintiffs, | ) |  |
| v. | ) |  |
|  | ) |  |
|  | ) | COMPLAINT AND REQUEST FOR |
|  | ) | INJUNCTION |
|  | ) | AND |
|  | ) | DECLARATORY RELIEF |
| THE CITY OF AURELIA, IOWA | ) |  |
|  | ) |  |
|  | ) | EXPEDITED HEARING REQUESTED |
|  | ) |  |
|  | ) |  |
| Defendant. | ) | JURY DEMAND |

COMES NOW Plaintiffs, James Sak and Peggy Leifer, a married couple, by and through the undersigned, and for their Complaint against Defendant, the City of Aurelia, Iowa hereby state to the Court as follows:

**Jurisdiction & Venue**

1. Mr. Sak is an Iowa resident, domiciled in Aurelia, Iowa.

2. Ms. Leifer is an Iowa resident, domiciled in Aurelia, Iowa.

3. Defendant is an Iowa municipality.

4. The Court has jurisdiction over this case pursuant to 28 U.S.C. section 1331, federal question jurisdiction, and 28 U.S.C. section 1367, supplemental jurisdiction, as this matter pertains to 42 U.S.C. 12101, et seq.

5. Venue is proper pursuant to 28 U.S.C. section 1391(b).

**Facts**

6. Mr. Sak is a disabled, retired police officer, who recently moved to Aurelia, Iowa from Chicago, Illinois.

7. Mr. Sak is married to Ms. Leifer.

8. Mr. Sak became disabled after he suffered a hemorrhagic stroke in November of 2008.

9. Mr. Sak and Ms. Leifer dated for years before marrying in the hospital in March of 2009, once Mr. Sak recovered from his debilitating stroke.

10. Mr. Sak is permanently disabled as a result of the stroke.

11. The right side of his body is uncontrollable by Mr. Sak.

12. Mr. Sak is confined to a wheelchair.

13. Mr. Sak received treatment and rehabilitation at the University of Illinois Medical Center for the stroke.

14. Mr. Sak requires the use of a service dog, named "Snickers" in order to assist him.

15. The dog was adopted from a private, informal sale by another individual.

16. Mr. Sak has owned the dog, since the dog was eight weeks old.

17. Snickers is currently five and one-half years old.

18. Snickers has absolutely no history of aggression.

19. The service dog Snickers appears on the National Service Animal Registry as a certified service dog. See Exhibit "A".

20. The service dog Snickers has been trained to assist Mr. Sak with tasks which mitigate his disability, including walking, balance, and retrieving items around the house. See Exhibit "B".

21. When Mr. Sak suffers a fall, the service dog Snickers is able to assist Mr. Sak.

22. Mr. Sak and his wife, Ms. Leifer moved to Aurelia in November of 2011 to care for Mr. Leifer's elderly mother, age 87, who is an Aurelia resident.

23. Mr. Sak and Ms. Leifer were summoned to an Aurelia City Council meeting on November 21, 2011 because Aurelia maintains a breed-specific city ordinance against pit bulls. See Exhibits "C" and "D".

24. Service dog Snickers is believed to be a pit bull mix.

25. At the City Council meeting, a petition was presented, signed by 36 residents asking for enforcement of the city ordinance against service dog Snickers. See Exhibit "E".

26. Mr. Sak and Ms. Leifer were summoned to another Aurelia City Council meeting on December 14, 2011 and informed they had 24 hours to remove their service dog from city limits.

27. The Aurelia city ordinance states that pit bulls, in violation of the ordinance will be destroyed. See Exhibit "D", at 58.03(2).

28. Since that time, the service dog Snickers has been boarded at a veterinary's office outside of the City of Aurelia, incurring costs.

29. On December 15, 2011, Mr. Sak suffered a fall from his wheelchair and was unable to be pulled back into his wheelchair because he was without his service dog, Snickers.

30. As a result, Ms. Leifer had to call 911 and Officer Gene Shur arrived at the residence to assist.

31. Ms. Leifer's ability to care for her elderly mother has been compromised by the inability to leave Mr. Sak alone, for fear of another fall or injury.

32. Mr. Sak's physical therapist, Aileen Eviota, PT DPT NCS at the University of Illinois Medical Center wrote a letter, dated December 2, 2011 to the Aurelia City Council describing the medical necessity of the service dog, Snickers. See Exhibit "B".

33. Both Mr. Sak and Ms. Leifer have experienced tremendous worry and fear since the service dog Snickers was forced out of their home.

34. Notwithstanding the undisputed fact that Snickers is a service dog and a medical necessity, the City of Aurelia has enforced the city ordinance against Mr. Sak, thereby depriving Mr. Sak of the medical and emotional benefits provided by service dog, Snickers.

## Causes of Action

### Violation of 42 U.S.C. § 12133: Title II of the Americans with Disabilities Act

35. Plaintiffs restate and incorporate by this reference each allegation contained in paragraphs 1 through 34 as if fully set forth herein.

36. Defendant is a public entity as a local government, acting through its City Council and City Attorney.

37. Mr. Sak is a disabled person who requires the assistance of his service dog, Snickers.

38. Mr. Sak has standing to bring this action under the Americans with Disabilites Act ("ADA") due to the injury suffered as a result of Defendant, the City of Aurelia's disregard of federal law.

39. Defendant, the City of Aurelia has a city ordinance prohibiting pit bulls. See Exhibit C.

40. Defendant, the City of Aurelia enforced the city ordinance against Mr. Sak requiring that his service dog, Snickers, be removed from city limits within 24 hours of the City Council meeting held on December 14, 2011, or Snickers would be destroyed.

41. Currently, Snickers is boarded at veterinary's office outside the city limits.

42. Defendant, the City of Aurelia, enforced the city ordinance against Mr. Sak with the full knowledge that the service dog, Snickers, is required due to Mr. Sak's health.

43. The Defendant's discrimination caused damage to Mr. Sak.

44. Mr. Sak has experienced considerable emotional distress as a result of the Defendant's discrimination.

**Declaratory Relief**

45. Plaintiffs restate and incorporate by this reference each allegation contained in paragraphs 1 through 44 as if fully set forth herein.

46. Plaintiffs request that after notice and hearing that the Court enter judgment that Defendant, the City of Aurelia's policies, regulations, practices and conduct of interfering with the Mr. Sak's ability to utilize his service dog, Snickers is contrary to the Americans with Disabilities Act.

47. Defendant, the City of Aurelia, violated 42 U.S.C. 12101, et seq. through its refusal to recognize a reasonable accommodation under the ADA and by enforcing the pit bull prohibition against a service dog.

48. Defendant, the City of Aurelia, violated 42 U.S.C. 12101, et seq. through its refusal to remove the breed restrictions regarding his service dog from its city ordinance as applied to Mr. Sak, as a disabled person protected by federal law.

## Injunctive Relief

49. Plaintiffs restate and incorporate by this reference each allegation contained in paragraphs 1 through 48 as if fully set forth herein.

50. Plaintiffs seek an injunction restraining the City of Aurelia from enforcing the city ordinance prohibiting pit bulls, with respect to Mr. Sak's service dog and an immediate return of the service dog, Snickers to Mr. Sak.

51. A preliminary injunction is warranted because (1) at trial, Mr. Sak is likely to prevail on the merits because the ADA service animal provisions have been expressly interpreted to prevail over breed specific legislation and because the service dog is clearly a reasonable accommodation; (2) without the use of his service dog, Mr. Sak will suffer irreparable harm due to the fact that Snickers is a medical necessity and Mr. Sak has already fallen at least once since losing Snickers, coupled with the emotional distress of being denied his service dog which is essentially an extension of himself; (3) the harm Mr. Sak will sustain if this preliminary injunction is not granted is far greater than any potential harm the Defendant may sustain; and (4) the issuance of a preliminary injunction is in the public's interest.

52. Plaintiffs request that the Court order Defendant to permit service dog Snickers to be immediately returned to Plaintiffs.

53. Plaintiffs further request that the Court order that Defendant is precluded from enforcing its city ordinance restrictions against Snickers that apply to pit bulls in Aurelia, Iowa that are "grandfathered in".

54. Snickers, as a service dog, cannot be held to the unreasonable restrictions that appear in the city ordinance if he is to do his job of protecting and assisting Mr. Sak. See Exhibit "D" at 58.03(1)(A)-(G).

55. Plaintiffs are contemporaneously filing a Motion for Injunctive Relief and Expedited Hearing under Federal Rule of Civil Procedure 65 and Local Rule 65.

## Spousal Consortium

56. Plaintiffs restate and incorporate by this reference each allegation contained in paragraphs 1 through 55 as if fully set forth herein.

57. Ms. Leifer is the spouse of Ms. Saks.

58. As a result of the Defendant's discrimination, Ms. Leifer lost the value of services of Mr. Sak.

59. Ms. Leifer has been unable to attend to her mother or depend upon her husband as a result of the loss of the service dog Snickers.

60. With the aid of the service dog, Snickers, Mr. Sak is substantially more dependant.

61. Without the aid of service dog, Snickers, Mr. Sak's disability requires increased care which affects Ms. Leifer's abilities to tend to other matters.

## Attorney's Fees & Costs

62. Plaintiffs restate and incorporate by this reference each allegation contained in paragraphs 1 through 61 as if fully set forth herein.

63. Plaintiffs herein seek attorneys' fees and costs pursuant to the ADA. See 42 U.S.C. § 12133; 29 U.S.C. § 794a.

## Jury Demand

64. Plaintiffs restate and incorporate by this reference each allegation contained in paragraphs 1 through 63 as if fully set forth herein.

65. Plaintiffs seek a jury for the issues pleaded within.

WHEREFORE, the Plaintiffs, James Sak and Peggy Leifer hereby request this Court: (1) grant Plaintiffs' request herein, and as found in the contemporaneously filed Motion for Injunctive Relief under Federal Rule 65, for a injunctive relief enjoining Defendant from denying Mr. Sak his rights under federal law by maintaining his service dog, regardless of the breed and as a reasonable accommodation for his disability, (2) grant Plaintiffs' request for an injunction specifying the immediate return of the service dog, Snickers, to his owner without the restrictions in the Aurelia city ordinance; (3) enter a declaratory judgment the Defendant's city ordinance is in violation of the Americans with Disabilities Act and is unenforceable; (4) enter judgment against Defendant that enforcement of the city ordinance at issue violates Mr. Sak's rights under the Americans with Disabilities Act and constitutes discrimination; (5) find that Ms. Liefer is entitled to damages for the effect of the Defendant's actions; (6) award attorney's fees, costs and expenses incurred by Plaintiffs in this action pursuant to statute; (7) award emotional distress damages for the discrimination pursuant to statute; and (8) for any further relief the Court deems just and appropriate under the circumstances.

/s/Sharon K. Malheiro
Sharon K. Malheiro, AT0004936
Michael C. Richards, AT0010828
Michele L. Warnock, AT0010068
The Davis Brown Tower
215 10th St. Suite 1300
Des Moines, Iowa 50309-3993
Telephone: (515) 288-2500
Facsimile: (515) 243-0654
E-mail: sharonmalheiro@davisbrownlaw.com
E-mail: mikerichards@davisbrownlaw.com
E-mail: michelewarnock@davisbrownlaw.com

ATTORNEYS FOR PLAINTIFFS

Of Counsel:

Davis, Brown, Koehn,
  Shors & Roberts, P.C.
The Davis Brown Tower
215 10th St. Suite 1300
Des Moines, Iowa 50309-3993