UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| JAMES SAK AND PEGGY LEIFER,<br><br>          Plaintiffs,<br>vs.<br><br>THE CITY OF AURELIA, IOWA,<br><br>          Defendant. | CASE NO. 11-4111<br><br>**DEFENDANT'S ANSWER AND JURY DEMAND** |

COMES NOW Defendant, and for its Answer to Plaintiffs' Complaint, states as follows:

**Jurisdiction and Venue**

1. Paragraph 1 is admitted.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted.

**Facts**

6. Paragraph 6 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

7. Paragraph 7 is admitted.

8. Paragraph 8 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

9. Paragraph 9 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

10. Paragraph 10 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

11. Paragraph 11 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

12. Paragraph 12 is denied.

13. Paragraph 13 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

14. Defendant admits that Mr. Sak uses a dog named Snickers to assist him. The remainder of paragraph 14 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

15. Paragraph 15 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

16. Paragraph 16 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

17. Paragraph 17 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

18. Paragraph 18 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

19. Defendant admits that Snickers appears on the National Service Animal Registry as a "qualified service dog." The remainder of paragraph 19 is denied.

20. Paragraph 20 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

21. Paragraph 21 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

22. Paragraph 22 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

25. Defendant admits that a petition, signed by 36 individuals, asking for enforcement of the city ordinance against pit bulls, was presented to the City Council. The remainder of paragraph 25 is denied.

26. Defendant admits that Plaintiffs were informed Snickers would have to be removed. The remainder of paragraph 26 is denied.

27. Paragraph 27 is denied. The ordinance provides in pertinent part that: "Any Pit Bull Dog found to be the subject of a violation of this chapter shall be subject to immediate confiscation by the Animal Control Officer. Such animal shall be humanely destroyed within seven (7) days, unless a Judge of Court of competent jurisdiction orders its release or the owner provides adequate proof to the Animal Control Officer that such licensed dog shall no longer reside in the City of Aurelia."

28. Paragraph 28 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

29. Paragraph 29 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

30. Defendant admits that a call was made to 911 and that Officer Gene Shur responded at Plaintiffs' residence to assist. The remainder of paragraph 30 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

31. Paragraph 31 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

32. Defendant admits that Aileen Eviota wrote the letter attached to the Complaint as Exhibit "B," but denies the accuracy of the content of that letter for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

33. Paragraph 33 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

34. Defendant admits that it enforced its ordinance up until the date on which this Court issued an injunction. The remainder of paragraph 34 is denied.

## Causes of Action

## Title II, Americans With Disabilities Act

35. Defendant restates its answers to paragraphs 1 – 34 of the Complaint.

36. Defendant admits that it is a public entity acting through its City Council. The remainder of paragraph 36 is denied.

37. Paragraph 37 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

38. Paragraph 38 is denied.

39. Defendant admits that it has an ordinance designated as Chapter 58 which provides in part that "[i]t is unlawful to keep, or harbor, own or in any way possess a Pit Bull Dog within the City of Aurelia."

40. Defendant admits that it enforced its ordinance by directing Plaintiffs to remove the dog. The remainder of paragraph 40 is denied.

41. Paragraph 41 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

42. Paragraph 42 is denied.

43. Paragraph 43 is denied.

44. Paragraph 44 is denied.

### Declaratory Relief

45. Defendant restates its answers to paragraphs 1 – 44 of the Complaint.

46. Defendant admits that this is the relief sought by Plaintiffs, but denies that Plaintiffs are entitled to this relief.

47. Paragraph 47 is denied.

48. Paragraph 48 is denied.

### Injunctive Relief

49. Defendant restates its answers to paragraphs 1 – 48 of the Complaint.

50. Defendant admits that this is the relief sought by Plaintiffs, but denies that Plaintiffs are entitled to this relief. For further answer to this paragraph, Defendant states that this issue is moot because the Court has already granted injunctive relief.

51. Paragraph 51 is denied. For further answer to this paragraph, Defendant states that this issue is moot because the Court has already granted injunctive relief.

52. Defendant admits that this is the relief sought by Plaintiffs, but denies that Plaintiffs are entitled to this relief. For further answer to this paragraph, Defendant states that this issue is moot because the Court has already granted injunctive relief.

53. Defendant admits that this is the relief sought by Plaintiffs, but denies that Plaintiffs are entitled to this relief.  For further answer to this paragraph, Defendant states that this issue is moot because the Court has already granted injunctive relief.

54. Paragraph 54 is denied.

55. Paragraph 55 is admitted.

### Spousal Consortium

56. Defendant restates its answers to paragraphs 1 – 55 of the Complaint.

57. Paragraph 57 is admitted.

58. Paragraph 58 is denied.

59. Paragraph 59 is denied.

60. Paragraph 60 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

61. Paragraph 61 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

### Attorney Fees and Costs

62. Defendant restates its answers to paragraphs 1 – 61 of the Complaint.

63. Defendant admits that this is the relief sought by Plaintiffs, but denies that Plaintiffs are entitled to this relief.

### Jury Demand

64. Defendant restates its answers to paragraphs 1 – 63 of the Complaint.

65. Defendant requests a jury trial.

WHEREFORE, Defendant prays for dismissal of the Complaint, and for its costs.

## Affirmative Defenses

1. Plaintiffs' Complaint fails to state a claim for relief because:

    a. The ADA is not implicated by the facts of this case; and

    b. Peggy Leifer has no claim for spousal consortium.


Respectfully submitted,

*/s/ Douglas L. Phillips*
Douglas L. Phillips
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
phillips@klasslaw.com
WWW.KLASSLAW.COM
712/252-1866
712/252-5822 fax
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that, on January 13, 2012, I filed this pleading electronically with the clerk of the court using the CM/ECF system, which sent notification of such filing to:

George W Wittgraf     swmlaw@mchsi.com

Michael C Richards     mikerichards@davisbrownlaw.com, maryjwhite@davisbrownlaw.com

Michele L Warnock     michelewarnock@davisbrownlaw.com, karenmillard@davisbrownlaw.com

Sharon K Malheiro     sharonmalheiro@davisbrownlaw.com, karenmillard@davisbrownlaw.com

_/s/ Douglas L. Phillips_
Douglas L. Phillips